# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREN JOHNSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**CHIPOTLE MEXICAN GRILL, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Karen Johnson ("Johnson" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant") to stop Chipotle from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Chipotle's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. Chipotle runs a chain of restaurants throughout the US.[1]

2. Part of Chipotle's marketing plan includes sending text messages *en masse* to consumers regarding promotions and other incentives that are meant to bring consumers into Chipotle's restaurants.

---

[1] https://en.wikipedia.org/wiki/Chipotle_Mexican_Grill

3.  Such text messages are sent using an autodialer without the necessary express written consent.

4.  Plaintiff received an autodialed text message to her cellular phone from Defendant asking her to approve receiving automated marketing messages from Chipotle.

5.  In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Chipotle to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

## PARTIES

6.  Plaintiff Johnson is a Concord, California resident.

7.  Defendant Chipotle is a Delaware corporation with its head office located in Newport Beach, California. Chipotle does business throughout this District, California, and the United States.

## JURISDICTION AND VENUE

8.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.  This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff and Defendant reside in this District, and because the wrongful conduct giving rise to this case was directed from and/or to this District.

## COMMON ALLEGATIONS

## Chipotle Sends Unsolicited Text Messages Using an Autodialer

10. Chipotle operates shortcode 888222 which it uses to send out text messages to its consumer base:





888222.

4. If you would like to be removed from the Chipotle mobile text program, you must text STOP to 888222 (U.S.) or 888333 (Canada) to opt-out. This is the exclusive method for opting out. After texting STOP to 888222 you will receive one additional message confirming that your request has been processed.

5. Chipotle reserves the right to remove subscribers from our messaging database at our discretion. For more information, reply "HELP" to 888222 (U.S.) or 888333 (Canada) or contact us here.

[2]

11. Chipotle is open about the fact that it sends text messages using an autodialer. In its Terms of Use, Chipotle provides the following consent language:

2. By participating in the Chipotle mobile text program and signing up for mobile offers and text updates, you consent to receive future recurring automated marketing text messages to the mobile number provided from or on behalf of Chipotle. You also acknowledge that your agreement to receive these messages isn't required as a condition of purchase.

[3]

12. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "Y," the text messages' commercial and generic content, that they were

---

[2] https://www.chipotle.com/about-us/terms-of-use.html
[3] https://Chipotle.com/

sent without consent, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

**Plaintiff Received an Unsolicited Autodialed Text Message to Her Cell Phone**

13. On May 1, 2019 at 1:12 PM, Plaintiff Johnson received an autodialed text message on her cell phone from Defendant using shortcode 888222:



14. Plaintiff believes this text message is autodialed and sent *en masse* because the text message is impersonal in nature, is sent by a short code, and instructs the recipient to interact with it in a way one would interact with an automated program, and even references their intention to send her automated marketing text messages like the text message at issue.

15. Plaintiff has never given Chipotle consent to send automated text messages to her.

16. The unauthorized text message that was sent by Chipotle, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed

Johnson's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

17. Seeking redress for these injuries, Johnson, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

19. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

CLASS ACTION COMPLAINT
-5-

20.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

21.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

      (b) whether Defendant's conduct constitutes a violation of the TCPA; and

      (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

22.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

23.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages

suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

24. Plaintiff repeats and realleges paragraphs 1 through 23 of this Complaint and incorporates them by reference.

25. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

26. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

27. Defendant's conduct was negligent, wilful, or knowing.

28. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Johnson, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Johnson requests a jury trial.

Respectfully Submitted,

**KAREN JOHNSON**, individually and on behalf of those similarly situated individuals

Dated: June 18, 2019

By:  /s/ *David Ratner*
David S. Ratner, Esq.
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595

Rachel Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

CLASS ACTION COMPLAINT
-8-